## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

DAVID DEBROSSE,                    )
                                   )
                    Plaintiff,     )
                                   )        No.  3:04 CV 632
          v.                       )
                                   )
DR. BIERLEIN, et al.,              )
                                   )
                    Defendants.    )

## MEMORANDUM AND ORDER

David DeBrosse, a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, alleging that defendants Dr. Bierlein, Nurse Joy, and Nurse Florence denied him medical treatment.[1] These defendants moved for summary judgment on April 13, 2006, notifying Mr. DeBrosse of the importance of responding to the summary judgment motion pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The deadline for a response passed on May 15, 2006. Mr. DeBrosse has not responded to the motion. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof

---

[1] All other claims were dismissed in this court's screening order of April 25, 2005.

concerning an essential element of the nonmoving party's case necessarily
renders all other facts immaterial. The moving party is "entitled to a
judgment as a matter of law" because the nonmoving party has failed to
make a sufficient showing on an essential element of her case with respect
to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

The defendants contend that Mr. DeBrosse cannot prove that they were
deliberately indifferent to his medical needs. Deliberate indifference is an element of a
claim for the denial of medical treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir.
1997). Mr. DeBrosse has presented no evidence demonstrating  that the defendants were
deliberately indifferent, therefore the summary judgment motion will be granted and
this case dismissed.

For the foregoing reasons, the court **GRANTS** the motion for summary
judgment (docket # 35).

**SO ORDERED.**

**ENTER:** July 27, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT